# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD C. ABOTT, | Case No. 2:18-cv-01148-APG-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| ARAMARK CO, | |
| Defendant. | |

On August 1, 2019, I denied plaintiff Richard C. Abott's application to proceed *in forma pauperis* as moot because he was no longer incarcerated. ECF No. 12 at 2. I ordered Abott to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 by August 31, 2019. *Id.* The deadline has now expired, and Abott has not filed an application to proceed *in forma pauperis* for non-prisoners, paid the full filing fee, or otherwise responded to my order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming

dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. My order expressly stated: "If Abott fails to timely comply with this order, I will dismiss this case without prejudice." ECF No. 12 at 2. Thus, Abott had adequate warning that dismissal would result from his noncompliance with my order.

It is therefore ordered that this action is dismissed without prejudice based on Abott's failure to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee in compliance with my August 1, 2019, order.

It is further ordered that the Clerk of Court shall close the case and enter judgment accordingly.

Dated: September 10, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE